**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELSEVIER INC. AND ASSESSMENT TECHNOLOGIES INSTITUTE, L.L.C.,<br><br>Plaintiffs,<br><br>v.<br><br>NAXLEX PREP LLC; NAXLEX GLOBAL, LLC; GEOFFREY KIMANG'A (aka KIMANG'A GEOFFREY, GEOFFRY GEKONGE KIMANG'A, KIM G GEGE), and DOES 1–20,<br><br>Defendants. | Civil Action No. 1:26-cv-7130<br><br>1) TEMPORARY RESTRAINING ORDER; 2) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 3) ORDER AUTHORIZING EXPEDITED DISCOVERY; AND 4) ORDER AUTHORIZING ALTERNATIVE SERVICE<br><br>("*EX PARTE* ORDER") |

## ***EX PARTE* ORDER**

Plaintiffs Elsevier Inc. ("Elsevier") and Assessment Technologies Institute, L.L.C. ("ATI") (collectively, "Plaintiffs") have moved *ex parte* against Defendants Naxlex Prep LLC, Naxlex Global LLC, Geoffrey Kimang'a (aka Kimang'a Geoffrey, Geoffrey Gekonge Kimang'a, Kim G Gege), and Does 1-20 (collectively, "Defendants") for (1) a temporary restraining order, (2) an order to show cause why a preliminary injunction should not issue, (3) an order authorizing expedited discovery, and (4) an order authorizing alternate service by electronic mail (the "Application"). Plaintiffs so move the Court on the basis that Defendants are reproducing, distributing, and selling unauthorized digital copies of the Plaintiffs' registered copyrighted assessment content, on which nursing schools across the country rely, including to evaluate academic skills of prospective nursing students and current nursing students' understanding of core nursing concepts and skills necessary to graduate, seek a license, and, ultimately, practice as a nurse. Additionally, Plaintiffs so move the Court on the basis that Defendants are operating a

commercial cheating business through which they serve as paid stand-ins for students, fraudulently gaining remote access to Plaintiffs' secure testing environments and secretly taking the assessments while making it appear that the registered students are doing so ("Proxy Test-Taking Service").

The Court, having reviewed the Complaint, the Memorandum of Law filed in support of the Application, the declarations filed in support of the Application, and the entire record herein, makes the following findings of fact and conclusions of law:

**FACTUAL FINDINGS AND CONCLUSIONS OF LAW**

1. The Cout has personal jurisdiction over Defendants under N.Y. C.P.L.R. § 302(a), including on the grounds that Defendants own, operate, and/or control a highly interactive website, Naxlex.com, that is continuously accessible to and targets, sells, and/or deliver goods and services to consumers in New York, and/or have injured Plaintiffs in New York. Alternatively, the Court has personal jurisdiction over Defendant Kimang'a pursuant to Federal Rule of Civil Procedure 4(k)(2), the federal long arm statute.

2. Plaintiffs are likely to succeed in showing that Defendants have infringed and are continuing to infringe Plaintiffs' copyrights by reproducing, distributing, selling, and/or preparing derivative works based on Plaintiffs' assessment content registered with the U.S. Copyright Office. Plaintiffs are also likely to succeed in showing that Defendants have tortiously interfered with Plaintiffs' enforceable agreements governing who may access their assessments, how account credentials and exam sessions may be used, and what users may and may not do with confidential exam content ("Agreements"). Plaintiffs are further likely to succeed in showing that Defendants committed fraud through false statements and representations on which Plaintiffs relied, including when Defendants gained access to Plaintiffs' secure test environments.

3. The balance of potential harm to Defendants, if any, by being prevented from continuing to profit from their activities complained of in the Complaint if a temporary restraining order is issued is far outweighed by the harm to Plaintiffs if these activities continue.

4. Public interest favors issuance of a temporary restraining order to protect Plaintiffs' interests in their respective copyrights and confidential and secure assessments and testing platforms, as well as the interests of nursing schools in the United States that rely on Plaintiffs' assessments, and to safeguard public health and patient safety.

5. If Defendants are given notice of the Application prior to the time set forth below, they are likely to secrete, conceal, transfer, or otherwise dispose of the proceeds from their sales of Plaintiffs' assessment content and operation of their Proxy Test-Taking Service, thus preventing Plaintiffs from obtaining the final relief they seek.

6. Without the requested expedited discovery, Plaintiffs will not be able to determine the true identities and locations of the Doe Defendants or the true locations of the named Defendants, obtain the information necessary to effectuate the asset freeze as set forth below, and ultimately proceed with their claims and obtain the final relief they seek.

7. Service on Defendant Geoffrey Kimang'a and the Doe Defendants by electronic mail to the email addresses used by Defendants to conduct business on or in connection with Naxlex.com is reasonably calculated to provide these Defendants with actual notice of Plaintiffs' claims. *See* Compl. Ex. B (attached hereto as Ex. 1).

## ORDER TO SHOW CAUSE

Based on the foregoing, it is HEREBY ORDERED that Defendants shall appear in Courtroom 18B of the United States District Court for the Southern District of New York at 500 Pearl Street, New York, New York 10007 on **September 16, 2026 at 1:00 p.m.** to show cause why

an order should not be entered, pending resolution of this case or further order of this Court, granting Plaintiffs' request for a preliminary injunction enjoining Defendants, their respective officers, agents, employees, and attorneys, and all those in active concert or participation with any of them, who receive actual notice of the order, and an asset freeze order, in a manner substantially similar to the relief provided herein ("Preliminary Injunction"). Plaintiffs seek the Preliminary Injunction pursuant to, inter alia, Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), N.Y. C.P.L.R. §§ 6201 et al., and the Court's inherent equitable authority to issue provisional remedies ancillary to its authority to provide final equitable relief.

IT IS FURTHER ORDERED that Defendants' answering papers shall be filed and served upon Plaintiffs' counsel, by email to comms.publisher.lawsuit@oandzlaw.com, on or before **September 8, 2026**, and Plaintiffs' reply papers, if any, shall be filed and served on Defendants on or before **September 14, 2026**.

IT IS FURTHER ORDERED that any non-party provided with notice of this *Ex Parte* Order for purposes of compliance with its terms shall not disclose in sum or substance the *Ex Parte* Order to Defendants, including their officers, directors, agents, employees, and attorneys, or provide Defendants or such persons with notice of this action, until Plaintiffs have filed proof of service of the *Ex Parte* Order on Defendants on the case docket as provided in the Alternate Service Order below. Within two (2) days of serving Defendants with the *Ex Parte* Order, Plaintiffs shall notify non-parties with whom they have provided notice of the *Ex Parte* Order and/or sought expedited discovery hereunder that service upon Defendants has been effected.

## **TEMPORARY RESTRAINING ORDER**

IT IS HEREBY ORDERED, in accordance with Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), N.Y. C.P.L.R. §§ 6201 *et al.*, and/or the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, that Defendants, their officers, agents, employees, and attorneys, and all those in active concert or participation with any of them, who receive actual notice of this Temporary Restraining Order, are enjoined from directly or indirectly infringing any copyrighted work that is owned or exclusively controlled by any of the Plaintiffs ("Plaintiffs' Copyrighted Works"), tortiously interfering with the Agreements, engaging in fraud against Plaintiffs, or otherwise operating the Proxy Test-Taking Service.

Without limiting the foregoing, it is FURTHER ORDERED that Defendants, their officers, agents, employees, and attorneys, and all those in active concert or participation with any of them, who receive actual notice of this Temporary Restraining Order, are enjoined from:

a. Copying, reproducing, manufacturing, downloading, uploading, transmitting, distributing, selling, offering for sale, creating derivative works based on, advertising, marketing, promoting, or otherwise exploiting any of Plaintiffs' Copyrighted Works; or representing to any person or entity that they have the right to copy, reproduce, manufacture, download, upload, transmit, distribute, sell, offer for sale, create derivative works based on, advertise, market, promote, or otherwise exploit any of Plaintiffs' Copyrighted Works.

b. Creating, operating, maintaining, or hosting Naxlex.com or other websites, social media accounts, or internet-based accounts or services through which Plaintiffs' Copyright Works are reproduced, distributed, sold, offered for sale, used to create

derivative works, advertised, marketed, promoted, or otherwise exploited; or through which the Proxy Test-Taking Service is offered, provided, operated, sold, advertised, marketed, or promoted ("Websites");

c. Operating, maintaining, registering, providing, or using any computer server, domain name, domain name server, cloud storage service, ecommerce platform, online advertising service, social media platform, proxy service (including reverse and forwarding proxies), website optimization service (including website traffic management), caching service, content delivery network, online links to, or payment processing or other financial service to, for, or in connection with the Websites, or providing other similar services to support the Websites;

d. Transferring ownership or control of the domain names or accounts associated with the Websites;

e. Destroying any documents in the form of point of sale, marketing, advertising, or other information created in connection with the Websites as they concern Plaintiffs' Copyrighted Works or the Proxy Test-Taking Service;

f. Accessing for any purpose Plaintiffs' platforms, systems, computers, technologies, and all content and materials contained therein, including without limitation, Plaintiffs' Copyrighted Works;

g. Registering or attempting to register any account on Plaintiffs' systems, platforms, computers, or websites;

h. Attempting, causing, enabling, facilitating, assisting, soliciting, encouraging, or inducing others to engage in any of the above-described acts from which

Defendants and their officers, agents, employees, and attorneys, and all those in active concert or participation with any of them, are enjoined.

2. Defendants, their officers, agents, employees, and attorneys, and all those in active concert or participation with any of them, who receive actual notice of this Temporary Restraining Order, and service providers to Defendants or other non-parties who receive actual notice of this Temporary Restraining Order and operate or control accounts holding or receiving money or other assets owned by, related to, connected to, associated with, held by, or transferred in connection with Naxlex.com, Defendants' sale of the Plaintiffs' Copyrighted Works ("Defendants' Accounts"), and/or Defendant's Proxy Test-Taking Service must immediately locate all of Defendants' Accounts and immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in Defendants' Accounts or allowing such money or other assets in Defendants' Accounts to be transferred, withdrawn, or otherwise disposed of. Defendants' Accounts include, but are not limited to: (i) Defendants' Accounts with providers of payment processing services ("Payment Processors"), such as Stripe, PayPal, and Cash App; and (ii) Defendants' Accounts with banks, savings and loan associations, credit card processing agencies, merchant acquiring banks, cryptocurrency exchanges, and other companies that engage in the processing or transfer of money and/or other assets ("Financial Institutions").

IT IS FURTHER ORDERED that Defendants shall preserve copies of all documents and electronic files, including all computers and computer programs used, in connection with Naxlex.com, Defendants' other Websites, or the Proxy Test-Taking Service. Defendants shall further take all steps necessary to retrieve any such documents or electronic files that may have been deleted before the entry of this Order.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect for fourteen (14) days unless extended by the Court.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall no longer apply to any Defendant dismissed from this action.

IT IS FURTHER ORDERED that Plaintiffs shall post security in the amount of $1,000, by corporate surety bond, cash, credit card, or a certified or attorney's check.

IT IS FURTHER ORDERED that upon two (2) business days' written notice to the Court and Plaintiffs' counsel, any Defendant or restrained non-party may appear and move for the dissolution or modification of the provisions of this Temporary Restraining Order upon an appropriate evidentiary showing.

## **EXPEDITED DISCOVERY ORDER**

Sufficient cause having been shown, IT IS HEREBY ORDERED that:

1. Within two (2) days of receiving actual notice of this *Ex Parte* Order, Defendants and any individual or entity providing services to Defendants in connection with those activities referred to in pages 5-7 of the Temporary Restraining Order shall provide to Plaintiffs' counsel, via email to comms.publisher.lawsuit@oandzlaw.com, written disclosure of the following information, regardless of whether such information physically resides in the United States or abroad:

a) All names, physical addresses, email addresses, and Internet Protocol ("IP") addresses associated with Defendants or Naxlex.com;

b) Any other websites or domain names associated with or related to Defendants or Naxlex.com, along with all names, physical addresses, email addresses, and IP addresses associated with such websites and/or domain names;

c) For (a) and (b) above, for service providers that provide proxy/reverse proxy services, Defendants' or Naxlex.com's origin IP addresses and web hosts; and

d) Regarding Defendants' Accounts with Payment Processors and Financial Institutions, the identity and location of the Payment Processor or Financial Institution; the complete account number; all names, physical addresses, email addresses, and IP addresses associated with the account; and the current balance of the account.

2. Plaintiffs may immediately issue expedited discovery requests to Defendants and/or seek via subpoena from relevant non-parties, who shall provide within no more than five (5) days of service of the requests or subpoena, information regarding the following, regardless of whether such information physically resides in the United States or abroad:

a) Defendants' inventory of Plaintiffs' Copyrighted Works, including relevant title information and the location of such inventory;

b) Defendants' sales of Naxlex.com subscriptions from August 20, 2023 to the present, including Defendants' gross revenues received and, for each transaction, date sold, and purchaser's city and state;

c) Upload logs and download logs or similar documents reflecting the sale or distribution of the Plaintiffs' Copyrighted Works through Naxlex.com, including the date and time of the uploads/downloads, and the name of the files uploaded/downloaded;

d) Account statements and/or similar transaction detail for Defendants' Accounts with Payment Processors and Financial Institutions from August 20, 2023 to the present; and

e) With respect to a Financial Institution, information concerning its connection to the United States, including but not limited to information concerning U.S. dollar wire transfers to and from other countries as well as properties owned, correspondent

accounts, acquiring banks, and settlement accounts in the United States and/or used by Defendants.

2. It is further ordered that Plaintiffs may immediately issue expedited discovery requests and/or subpoenas seeking the inspection of the Plaintiffs' Copyrighted Works held in inventory by a Defendant or by a non-party on behalf of or in association with a Defendant. Plaintiffs and Defendants and, if applicable, any non-parties, shall work cooperatively to coordinate the inspection of the Plaintiffs' Copyrighted Works within five (5) days of Plaintiffs' request.

**ALTERNATE SERVICE ORDER**

Sufficient cause having been shown, IT IS HEREBY ORDERED that:

1. Pursuant to Federal Rule of Civil Procedure 4(f)(3) and N.Y. C.P.L.R. § 308, service of process in this action may be made upon and shall be deemed effective as to the Doe Defendants and Defendant Kimang'a by email to their currently known email addresses: kimangageoffrey20@gmail.com; lkimanga00@gmail.com; support@naxlex.co; blumteq@gmail.com; info@naxlex.com ("Defendants' Email Addresses");

2. Plaintiffs may carry out alternate service of process as ordered herein by providing Defendants with a link to a File Transfer Protocol ("FTP") or other type of secure file-transmittal site to access PDF copies of: 1) the Summons and Complaint; 2) this *Ex Parte* Order; and 3) all papers filed in support of Plaintiffs' Application.

3. Plaintiffs shall provide Defendants with notice of this *Ex Parte* Order, along with Plaintiffs' papers in support of the Application, to Defendants' Email Addresses within five (5) days of disclosure of all discovery sought concerning Defendants' Accounts with Payment Processors and Financial Institutions as provided in the Expedited Discovery Order, but in no event

later than eleven (11) days from the date of this *Ex Parte* Order. Plaintiffs shall file proof of such service on the case docket within two (2) days of making such service.

4. Plaintiffs may also serve Defendants with other papers in this case by email to Defendants' Email Addresses.

5. Defendants may seek interim relief from this *Ex Parte* Order at any time upon notice to Plaintiffs and application to the Court.

It is SO ORDERED this 21st day of August 2026, at 2:00 p.m.

Denise Cote

DENISE COTE
UNITED STATES DISTRICT JUDGE